UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARIANE HEARN,

    Plaintiff,

                                    Case No:

v.

                                    Hon.

MICHIGAN DEPARTMENT OF CORRECTIONS,

    Defendants.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 540-6800-telephone
(248) 940-5848-fax
sbatey@bateylaw.com

---

**PLAINTIFF'S COMPLAINT**

NOW COMES, Plaintiff, Ariane Hearn (hereinafter "Plaintiff") by and through her attorney Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant states as follows:

1.    Plaintiff, Ariane Hearn, is a resident of the City of Shelby, County of Macomb and State of Michigan.

2.    Defendant, Michigan Department of Corrections (hereinafter

"MDOC") is a governmental entity whose registered mailing address is Grandview Plaza, 206 E. Michigan Avenue, P.O. Box 30003, Lansing, MI 48909 and who is duly authorized to operate correctional facilities throughout the State of Michigan including Ionia County.

3. The events producing the original injury occurred in Wayne County, Michigan.

4. Jurisdiction and venue are proper in the District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

5. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in this Court.

6. Plaintiff brings this action for sex/gender discrimination, age discrimination and retaliation stemming from the acts and/or omissions of Defendant constituting sex/age discrimination and retaliation against Plaintiff in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") which has resulted in mental, emotional and economic damages to Plaintiff.

## GENERAL ALLEGATIONS

7. Plaintiff incorporates by reference paragraphs 1 through 6 of the Complaint as though fully set forth herein.

8. Plaintiff is a 34 year-old female, who began her employment with Defendant as a Corrections Officer in October 2022.

9. In November 2022 Plaintiff learned she was pregnant.

10. While pregnant Plaintiff inquired about how to obtain maternity leave and was instructed she had to file for Family Medical Leave Act ("FMLA") leave.

11. In accordance with those instructions Plaintiff filed a claim for FMLA leave for her pregnancy.

12. Plaintiff's FMLA leave was denied because Plaintiff did not qualify for FMLA leave because she had not worked there at least one year.

13. Plaintiff was told she would be terminated if she went on maternity leave.

14. Despite getting zero help from Defendant, Plaintiff figured out how to request maternity leave which was ultimately approved.

15. On March 3, 2023, Plaintiff gave birth to her baby.

16. On or about June 11, 2023 Plaintiff returned to work.

17. When Plaintiff returned to work she was harassed and discriminated against due to her age and sex/gender by her co-workers and supervisor's including Sgt. McCollum.

18. Plaintiff filed numerous complaints against Sgt. McCollum including a complaint on August 2, 2023 in which Plaintiff complained Sgt. McCollum "created a hostile work environment and subjected me to harassment, bullying and discrimination" due to her sex/gender, pregnancy and maternity leave.

3

19. Plaintiff further complained that "Sgt. McCollum targeted my appearance after my maternity leave, making derogatory comments about my body and clothing choices. This behavior is not only unprofessional but deeply inappropriate and offensive."

20. Older co-workers who were in their 50's and 60's would frequently make disparaging comments about Plaintiff's age calling her young and dumb and that she did not knew anything.

21. In addition to the constant comments about her age, Plaintiff was also being harassed and discriminated against due to her gender and weight.

22. There were constant comments from supervisors and co-workers about Plaintiff's breasts and the size of her breasts and that they were too big.

23. In addition to her breasts and age, Defendant would curse at her and make comments about Plaintiff's weight ridiculing her and belittling her due to her weight.

24. Plaintiff complained that she was being harassed and discriminated against due to her age, sex/gender and weight numerous times to her lieutenant, captain and Human Resources, but nothing was done to stop the harassment and it continued.

25. After Plaintiff's numerous complaints of harassment and discrimination Defendant through its employees and agents began a campaign to

have Plaintiff terminated by making false allegations against her.

26. On January 18, 2024 Plaintiff was falsely accused by Officer Johnson of refusing to cooperate during a shakedown when she was entering the facility.

27. Plaintiff was falsely accused of refusing to remove her hoodie or her hat and refusing to provide her ID.

28. At no time did Plaintiff refuse to cooperate and she took off her hoodie and hat and gave her ID to Officer Johnson.

29. Upon information and belief, Defendant videotapes the entrance area of the facility where Plaintiff allegedly refused to take off her hoodie, her hat or provide her ID.

30. Plaintiff continued on to her assignment where she was summoned by Captain McCollough to go through a second shakedown by a female, Sgt. Washington.

31. During Sgt. Washington's shakedown Plaintiff complained that the shakedown was being used to harass her for retaliation for her complaints.

32. Sgt. Washington said if she (Sgt. Washington) had to go through being harassed Plaintiff had to go through it also.

33. Plaintiff fully cooperated during Sgt. Washington's shakedown.

34. As a result of the false allegations against Plaintiff regarding the shakedown Defendant conducted a horribly inadequate investigation and did not

5

review the videotape of the incident which would have conclusively shown Plaintiff cooperated at all times with Officer Johnson during the shakedown.

35. On or about May 29, 2024 Defendant used the false allegations against Plaintiff to terminate her effective June 5, 2024 in retaliation for her complaints against Sgt. McCallum for sex/gender, pregnancy discrimination.

36. Defendant's stated reason for termination was pretextual because Plaintiff cooperated during the shakedown.

37. During the time period in question, Defendant was Plaintiff's employer and Plaintiff was its employee within the meaning of Title VII of Civil Rights Act of 1964, Moreover, Defendant is responsible for all acts committed by its agents, representatives and employees within the scope of their employment.

38. Defendant, through its agents, representatives and employees were predisposed to sexually harass and discriminate against Plaintiff on the basis of her sex and acted in accordance with that predisposition.

39. Defendant's actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

40. On or about October 28, 1024 Plaintiff filed a Charge of Discrimination with the EEOC Charge No. 471-2025-00636.

41. On November 20, 2024 the EEOC issued a Right to Sue letter.

**COUNT I**
**SEXUAL/GENDER HARASSMENT AND DISCRIMINATION**

6

42. Plaintiff incorporates by reference paragraphs 1 through 41 of the Complaint as though fully set forth herein.

43. Plaintiff belongs to a protected class as a female.

44. Plaintiff was subjected to unwelcome communication and conduct on the basis of her sex/gender.

45. The unwelcome sexual conduct and communication based on sex and gender was intended to and did substantially interfere with Plaintiff's employment and/or create an intimidating, hostile, or offensive work environment and her wrongful termination.

46. Pursuant to Title VII Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment and/or hostile work environment by her employer, other employees, and supervisors/managers based upon her gender/sex.

47. At all material times, Defendant was Plaintiff's employer, and Plaintiff was the employee, within the meaning of the Title VII.

48. Plaintiff was subjected to repeat and continuous discriminatory treatment based upon her gender/sex by Defendant and/or through their agents, employees and/or representatives to the point where her status as an employee has been detrimentally affected and her ability to function within her job has been hindered and she was wrongfully terminated due to her gender/sex.

49. Defendant's actions were intentional and in disregard for Plaintiff's

7

rights and sensibilities.

50. As a direct and proximate result of the unlawful actions of the Defendant and its employees, agents and/or representatives, Plaintiff was the subject of discriminatory conduct on the part of Defendant and subjected to a hostile work environment and adverse employment action, including termination.

51. As a proximate result of the discriminatory conduct by Defendant and Defendant's failure to take remedial action against the intimidation, harassment and discriminatory conduct, Plaintiff has sustained injuries including, but not limited to:

    a. Lost wages;

    b. Mental anguish;

    c. Fright and shock;

    d. Outrage;

    e. Anxiety;

    f. Depression;

    g. Emotional distress;

    h. Loss of self-esteem;

    i. Loss of earnings and other employment benefits; and

    j. Loss of capacity for the enjoyment of life.

52. Defendants are vicariously liable for acts committed it's employees on the basis of respondeat superior.

53. Defendants engaged in discriminatory practices with malice or with reckless indifference to the federally protected rights of Plaintiff.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendants in an amount in excess of $25,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT II
## SEXUAL/GENDER HARASSMENT AND DISCRIMINATION

54. Plaintiff incorporates by reference paragraphs 1 through 53 of the Complaint as though fully set forth herein.

55. Plaintiff's age is a protected class.

56. Plaintiff was subjected to unwelcome communication and conduct on the basis of her age.

57. The unwelcome sexual conduct and communication based on he age was intended to and did substantially interfere with Plaintiff's employment and/or create an intimidating, hostile, or offensive work environment.

58. Pursuant to Title VII Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment and/or hostile work environment by her employer, other employees, and supervisors/managers based upon her age.

59. At all material times, Defendant was Plaintiff's employer, and Plaintiff

was the employee, within the meaning of the Title VII.

60. Plaintiff was subjected to repeat and continuous discriminatory treatment based upon her age by Defendant and/or through their agents, employees and/or representatives to the point where her status as an employee has been detrimentally affected and her ability to function within her job has been hindered and she was wrongfully terminated due to her age.

61. Defendant's actions were intentional and in disregard for Plaintiff's rights and sensibilities.

62. As a direct and proximate result of the unlawful actions of the Defendant and its employees, agents and/or representatives, Plaintiff was the subject of discriminatory conduct on the part of Defendant and subjected to a hostile work environment and adverse employment action, including termination.

63. As a proximate result of the discriminatory conduct by Defendant and Defendant's failure to take remedial action against the intimidation, harassment and discriminatory conduct, Plaintiff has sustained injuries including, but not limited to:

    a. Lost wages;

    b. Mental anguish;

    c. Fright and shock;

    d. Outrage;

  e. Anxiety;

  f. Depression;

  g. Emotional distress;

  h. Loss of self-esteem;

  i. Loss of earnings and other employment benefits; and

  j. Loss of capacity for the enjoyment of life.

64. Defendants are vicariously liable for acts committed it's employees on the basis of respondeat superior.

65. Defendants engaged in discriminatory practices with malice or with reckless indifference to the federally protected rights of Plaintiff.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendants in an amount in excess of $25,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT III
## RETALIATION

66. Plaintiff incorporates by reference paragraphs 1 through 65 of the Complaint as though fully set forth herein.

67. Plaintiff engaged in a protected activity Title VII by complaining about sex/gender discrimination and harassment and age discrimination and harassment to Defendant.

68. Pursuant to the Title VII Plaintiff is guaranteed the right to be free from retaliation from her employer and/or supervisors regarding Plaintiff's complaints of sex/gender discrimination and harassment and age discrimination and harassment.

69. In response to Plaintiff's complaints of sex/gender discrimination and harassment and age discrimination and harassment, Defendant retaliated against her and terminating her.

70. Defendant was Plaintiff's employers within the meaning of Title VII.

71. The retaliation against Plaintiff by Defendant violates Title VII.

72. As a proximate result of the Defendant's failure to take remedial action for Plaintiff, Plaintiff sustained injuries including, but not limited to, physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

73. Defendant's failure to take remedial action against its agents and employees and the creation of a hostile work environment was an especially malicious or reckless act of discrimination and Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $25,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

    Respectfully submitted,

    **BATEY LAW FIRM, PLLC**

    By: /s/Scott P. Batey
    SCOTT P. BATEY (P54711)
    Attorneys for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, Michigan 48025
    (248) 540-6800
    sbatey@bateylaw.com

Dated: February 17, 2025

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ARIANE HEARN,

    Plaintiff,

                                              Case No:

v.

                                              Hon.

MICHIGAN DEPARTMENT OF CORRECTIONS,

    Defendants.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 540-6800-telephone
(248) 940-5848-fax
sbatey@bateylaw.com

---

## **DEMAND FOR JURY TRIAL**

      NOW COMES Plaintiff, Ariane Hearn, by and through her attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

14

        Respectfully submitted,

        **BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road,
    Suite 400 Bingham Farms,
    Michigan 48025
    (248) 540-6800
    sbatey@bateylaw.com

Dated:  February 17, 2025